**Benito Arencia GARCIA,**
**Plaintiff–Appellant,**

v.

**Ivalle HENRY, Warden; T. Zink, Chief Deputy Warden; D. Custard, Program Administrator; B. Powell, Correctional Counselor II; J. Rodgers, Correctional and Parole Representative; B. Duball, Associate Warden; James Gomez, Director; California Department of Corrections; K. Sisto; R. Casillas, Defendants–Appellees.**

No. 99–15277.

D.C. No. CV–94–00699–LKK/GGH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided June 27, 2001.

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Plaintiff, Benito Arencia Garcia, sued Defendants, who are prison officials, under 42 U.S.C. § 1983. He sought damages and an injunction directing Defendants to remove the "R" suffix from his custody designation.[1] The district court granted summary judgment for Defendants, and Plaintiff appeals. On de novo review, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm.

### A. *Due Process*

Plaintiff's primary argument is that Defendants' imposition of the "R" suffix deprived him of a protected liberty interest and, accordingly, implicated the Due Process Clause. He relies on *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir.1997).

Assuming—without deciding—that *Neal* controls and that the imposition of the "R" suffix created a liberty interest, the district court still did not err in granting summary judgment for Defendants. As the district court noted, "plaintiff has received plenty of due process" in this case. In *Neal*, this court held that, when the Due Process Clause is implicated by the imposition of a "sex-offender" designation, the inmate to whom the designation is applied "is entitled to a hearing at which he must be allowed to call witnesses and present documentary evidence in his defense." *Id.* at 831. Here, Plaintiff has challenged the imposition of the "R" suffix at numerous hearings and other classification proceedings. He has appeared and testified at several of those hearings and has presented documentary evidence at two of his hearings, at least. And although there is nothing in the record to indicate that Plaintiff called witnesses at any of his many hearings, he does not allege that he wanted to call witnesses or that he ever was denied the opportunity to do so.

Plaintiff acknowledges that he has had many opportunities to address the "R" suffix designation. He contends, however, that the evidence presented at his hearings was insufficient to meet the government's burden of proof for imposing the "R" suffix and, accordingly, that the hearings did not satisfy the requirements of the Due Process Clause. Plaintiff notes that *Neal* left open the question of the appropriate burden of proof at a "sex-offender-designation" hearing, *id.* at 831 n. 14, and argues that the evidence in this case cannot satisfy even the most lenient standard possible, because the evidence demonstrates only that Plaintiff had been *arrested and charged* with sex crimes in the past, but not that he had been *convicted*.[2] *But see*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Section 3377.1(b) of 15 California Administrative Code provides in part:
     An "R" suffix shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses.
     (1) The "R" suffix shall be designated for any inmate who was convicted of, or whose commitment offense includes an act equivalent to any of the following offenses: [listing offenses].

     (2) Within six months upon reception of an inmate with a record of arrest or detention for any offenses listed in section 3377.1(b)(1), a classification committee shall determine the need for an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each such arrest.

2. Plaintiff concedes that the charged crimes are on the list of crimes covered by the classification rule at issue.

*Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (holding that "some evidence" is required).

■ The difficulty with that argument is that Defendants never found that Plaintiff had been convicted of any sex crimes. Rather, they found only that Plaintiff had been *arrested and charged* with sex crimes, which Plaintiff admits (and has always admitted). His arrest record was part of the record in his initial classification hearing and at his subsequent hearings. The relevant rule requires prison officials to consider imposing the "R" suffix on inmates, like Plaintiff, who have been arrested for sex crimes, even if they have not been tried or convicted. Defendants followed the rule in this case.

The evidence plainly is sufficient to establish the fact of Plaintiff's arrest for sex crimes under any possible burden of proof. On this record, Plaintiff's argument that the evidence was so insufficient as to violate the Due Process Clause necessarily fails, and we cannot say that Defendants acted arbitrarily in affixing and retaining the "R"suffix.[3]

B. *Eighth Amendment*

■ Plaintiff also argues that, by refusing to remove the "R" suffix from his custody designation, Defendants placed him in a position of danger, "thus violating his substantive due process rights." Although Plaintiff presents this claim as a "substantive due process" claim, it is properly labeled a claim of cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the

Eighth Amendment"); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (to the same effect). In any event, Plaintiff did not present this claim to the district court, either as a "substantive due process" claim or as a claim under the Eighth Amendment. The claim is therefore unpreserved, and we will not address it for the first time on appeal.

AFFIRMED.

---

**3.** Plaintiff does not argue, and has never argued, that there is anything constitutionally deficient about 15 California Administrative Code § 3377.1 as a general matter, or that

there is any constitutional problem inherent in applying the "R" suffix (and its attendant, moderate restrictions) solely on the ground of an arrest for a sex crime.